UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON SAGO, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-4153-MMM |
| | ) |
| JASON GARZA, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, and currently at the Dixon Correctional Center, pursues an action 42 U.S.C. § 1983, alleging violations of due process at the Hill Correctional Center ("Hill"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On June 8, 2019, Plaintiff was held in cell number 56 which, along with cell numbers 50-64, had dayroom privileges from 1:15 p.m. to 2:15 p.m. Plaintiff was let out of his cell at 1:15 p.m. so he could report for his prison job. Before doing so, Plaintiff entered the dayroom to make a telephone call. There, Defendant Sergeant Haase asserted that dayroom privileges were for cell numbers 25-38, citing Plaintiff with unauthorized movement. Defendant Haase also told Plaintiff

that Food Supervisor Hannah, not a party, had fired him from his prison job. When Plaintiff followed up with Food Supervisor Hannah, he was told that it was not Hannah, but Haase, who had fired him. Plaintiff asserts that Defendant Haase did not have the authority to do this.

On June 11, 2019, the disciplinary ticket went to hearing before Defendant Range. Plaintiff explained the situation and asked Defendant Range to corroborate that during the time in question, cell numbers 50-64 had dayroom privileges . Defendant Range, however, relied on Defendant Hasse's statement to the contrary. Plaintiff was found guilty of the charge. He does not indicate whether this resulted in any discipline.

On July 4, 2019, Plaintiff filed a grievance of the matter. The grievance was reviewed by Grievance Officer, Defendant Garza, who denied the grievance. Plaintiff asserts that Defendants Range and Garza could have seen that he was authorized to be in the dayroom if they had checked the dayroom schedule. Plaintiff alleges that Defendants violated his due process rights. He requests declaratory relief and compensatory and punitive damages.

## ANALYSIS

Prison officials may not deprive an inmate of liberty or property without due process of law. *Piggie v. McBride*, 177 F.3d 922, 924 (7th Cir. 2002). If a cognizable liberty or property interest is involved, constitutional due process must be provided before those interests can be constrained. *Wilson v. Hardy,* No. 11-743, 2011 WL 976558, at *3 (N.D. Ill. Mar. 14, 2011). As a result, the Court examines whether Plaintiff has identified a protected liberty or property interest on which to base the alleged due process violation. Here, Plaintiff fails to allege any detriment he suffered, other than perhaps the loss of his prison job. However, it is well established that inmates do not have a liberty or property interest in a prison job. *Soule v. Potts*,

676 Fed. Appx. 585 (7th Cir. 2017) citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *DeWalt v. Carter*, 224 F.3d 60, 613 (7th Cir. 2000) (no due process protections as to prisoner job).

Plaintiff cannot establish a liberty or property interest requiring due process protections where he has not alleged detriment. *See Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) citing *Williams v. Ramos*, 71 F.3d 1246, 1250 (7th Cir. 1995) (due process did not apply where "the length of the inmate's sentence was not affected and that there was no indication that the treatment the inmate received in disciplinary segregation was substantially different than that experienced by inmates confined under other forms of discretionary segregation). *See Ford v. Page*, 169 F. Supp. 2d 831, 840–41 (N.D. Ill. 2001) *citing Hanrahan v. Lane,* 747 F.2d 1137, 1142 (7th Cir.1984) ("allegation of inadequate investigation does not state a violation of a plaintiff's civil rights.")

Here, Plaintiff has failed to state an actionable claim against any of the Defendants. He will be given an opportunity, however, to replead.

**IT IS THEREFORE ORDERED:**

1.   Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to replead his claims, consistent with this order. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2.   It appears that Defendant Jason Garza has been incorrectly captioned as Jason "Garze". The Clerk is asked to amend the caption to correct the error.

|  11/25/2020   | s/Michael M. Mihm |
|---|---|
| ENTERED | MICHAEL M. MIHM |
| | UNITED STATES DISTRICT JUDGE |